

# In the United States Court of Federal Claims

No. 11-314
Filed: November 2, 2011

FILED
NOV 2 2011
U.S. COURT OF
FEDERAL CLAIMS

```
*****************************************
                                        *
                                        *
                                        *
DONALD PARKER,                          *
                                        *
        Plaintiff, pro se,              *
                                        *
v.                                      *
                                        *
THE UNITED STATES,                      *
                                        *
        Defendant.                      *
                                        *
                                        *
                                        *
*****************************************
```

**Donald Parker**, New Orleans, Louisiana, Plaintiff, *pro se*.

**Steven J. Gillingham and Christopher A. Bowen**, United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

### MEMORANDUM OPINION AND FINAL ORDER

**BRADEN,** *Judge*.

I.  **BACKGROUND AND PROCEDURAL HISTORY IN THE UNITED STATES DISTRICT COURTS IN LOUISIANA.**

On April 25, 2007, Donald L. Parker and Lakiesha Parker (collectively, the "Parkers") filed a Complaint in the United States District Court for the Eastern District of Louisiana ("Eastern District Court"), alleging that several defendants stole their money via a private real estate transaction. *See Parker* v. *Lagniappe Realty*, No. 07-cv-2656, Doc. No. 16 (E.D. La. July 24, 2007) ("*Parker I*"). On July 24, 2007, the Eastern District Court dismissed the case, without prejudice, for lack of subject-matter jurisdiction, because the Complaint did not present a federal question under 28 U.S.C. § 1331, nor did the parties satisfy the diversity requirement under 28 U.S.C. § 1332. *Id.* at 5-6.

On February 7, 2008, the Parkers filed a second Complaint in the United States District Court for the Western District of Louisiana against the same defendants and three others. This Complaint alleged the same claims as the prior suit, but also included several federal causes of action, *i.e.*, securities fraud, conspiracy claims, and mortgage fraud claims. *See Parker v. Blake*, No. 08-cv-184, Doc. No. 52 at 3-8 (W.D. La. Aug. 29, 2008) ("*Parker II*"). Service appears not to have been made on any of the defendants, although one defendant entered a notice of appearance. *Id.* at 3.

On June 17, 2008, Magistrate Judge James D. Kirk denied the Parkers' motion for service on the other defendants, because the Parkers had not followed the court's instructions to mail waivers of service. *See Parker II*, No. 08-cv-184, Doc. No. 29 (W.D. La. June 17, 2008).

On August 29, 2008, the Honorable James T. Trimble, Jr., of the Western District of Louisiana, also dismissed this case, with prejudice, under FED. R. CIV. P. 12(b)(6), because the Parkers' federal-question claims failed to state any cognizable claims. *See Parker II*, No. 08-cv-184, Doc. No. 52 at 5-9. The United States District Court suggested that the Parkers consider filing their case in state court and cautioned that refiling in federal court likely would result in future dismissals. *Id.* at 9-10.

On July 22, 2008, the Parkers filed another suit in the Eastern District Court of Louisiana against Robert H. Shemwell, Clerk of the Western District of Louisiana, and Kathy Kiefer, a Docket Clerk in that same court. *See Parker v. Shemwell*, No. 08-cv-3987, Doc. No. 1 (E.D. La. July 22, 2008) ("*Parker III*"). This Complaint alleged that Mr. Shemwell and Ms. Kiefer did not properly scan the return receipts of the complaints and summons that the Parkers alleged were mailed in *Parker II*, resulting in a wrongful recommendation by Magistrate Judge Kirk to dismiss the July 22, 2008 *Parker III* Complaint.[1] *Id.* at 3-4; *see also Parker III*, No. 08-cv-1622, Doc. No. 24 at 2 (W.D. La. Jan. 28, 2009) (discussing the July 22, 2008 complaint). On October 27, 2008, the Eastern District Court transferred the *Parker III* case to the Western District Court. *See Parker III*, No. 08-cv-3987, Doc. No. 14 (E.D. La. Oct. 27, 2008).

On January 28, 2009, the Honorable Tom Stagg dismissed the July 22, 2008 suit for failure "to state a federal claim under the broadest reading." *Parker III*, No. 08-cv-1622, Doc. No. 24 at 6 (W.D. La. Jan. 28, 2009).[2]

On June 15, 2009, the Parkers filed a notice of appeal in the United States Court of Appeals for the Fifth Circuit. *See Parker v. Shemwell*, No. 09-30527, Doc. No. 51917261 at 2

---

[1] Judge Trimble, however, dismissed the Complaint in *Parker II* not because of the failure to perfect service, but because the Parkers failed to state any valid federal claim. *See Parker II*, No. 08-cv-184, Doc. No. 52 at 5-9.

[2] The Parkers had alleged that the *Parker III* defendants' actions were in violation of 18 U.S.C. § 1701 (2006) (tampering with the mail), 18 U.S.C. § 1702 (2006) (obstruction of mail correspondence), and 18 U.S.C. § 371 (2006) (conspiracy). *Id.* at 4-6.

(5th Cir. Sept. 3, 2009) ("*Parker IV*"). On September 3, 2009, the United States Court of Appeals for the Fifth Circuit dismissed the appeal as untimely.[3]

## II. PROCEDURAL HISTORY IN THE UNITED STATES COURT OF FEDERAL CLAIMS.

On May 17, 2011, Donald Parker filed a Complaint in the United States Court of Federal Claims ("Compl.") against the United States Department of Justice, Judge Trimble, Clerk of Court Shemwell, and Docket Clerk Kiefer. Compl. at 1. Specifically, the May 17, 2001 Complaint alleges that Judge Trimble violated the Fourteenth Amendment "when he ignored the Memorandum Order by United States Magistrate Judge James D. Kirk." *Id.* at 4. In addition, Judge Trimble did not follow an unidentified order by the appellate court when he dismissed the Parkers' claim for lack of subject-matter jurisdiction. *Id.*

The May 17, 2011 Complaint also alleges that Judge Trimble violated 42 U.S.C. § 1985 when he "dismissed the claim on the behalf of his friend in Natchitoches, La," *i.e.*, in the August 29, 2008 Order, concluding that "service has not been perfected as to all defendants." *Id.* at 5. In addition, the Complaint alleges that the Parkers perfected service, but the clerks in the Western District of Louisiana "conspired together in not scanning the documents [proving proper service] to the system." *Id.* at 5-6. If they had performed their duties, a default judgment would have been issued against those defendants who did not appear. *Id.* at 6.

The May 17, 2011 Complaint also alleges that Defendants' conduct violated the Due Process Clause of the Fifth and Fourteenth Amendments. *Id.* at 3-5. Finally, the Complaint alleges violation of the Good Behavior Clause of Article III of the United States Constitution, describing the behavior of Judge Trimble, Clerk of Court Shemwell, and Docket Clerk Kiefer as "unprofessional." *Id.* at 7.

On July 18, 2011, the Government filed a Motion to Dismiss ("Gov't Mot."), pursuant to RCFC Rules 12(a) and 12(b)(1), together with Exhibits ("Gov't Mot. Ex. 1-5") highlighting the disposition of the Parkers prior lawsuits. On August 15, 2011, the Parkers filed a Response opposing the Motion to Dismiss ("Pl. Resp."). On August 24, 2011, the Government filed a Reply ("Gov't Rep.").

## III. JURISDICTION.

The jurisdiction of the United States Court of Federal Claims is established by the Tucker Act. *See* 28 U.S.C. § 1491 (2006). The Tucker Act authorizes the court "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2006).

---

[3] The Parkers' appeal was required to be filed by March 30, 2009, *i.e.*, within sixty days of the entry of Judge Stagg's January 28, 2009 judgment. *Id.* at 1-2 (*citing* FED. R. APP. P. 26(a)(2)).

The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages. . . . [T]he Act merely confers jurisdiction upon it whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976). Therefore, a plaintiff must identify and plead an independent contractual relationship, constitutional provision, federal statute, or executive agency regulation that provides a substantive right to money damages. *See Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) ("The Tucker Act itself does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages."). The burden of establishing jurisdiction falls on the plaintiff. *See FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990) (holding that the burden is on the plaintiff to allege facts sufficient to establish jurisdiction); *see also* RCFC 12(b)(1).

The jurisdictional defects in the May 17, 2011 Complaint are discussed below.

## IV. STANDARD FOR ANALYSIS OF THE GOVERNMENT'S MOTION.

### A. Standard For Decision On Motion To Dismiss Pursuant To RCFC 12(b)(1).

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . . is properly raised by a [Rule] 12(b)(1) motion[.]" *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1) ("Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter[.]"). When considering whether to dismiss an action for lack of subject matter jurisdiction, the court is "obligated to assume all factual allegations of the complaint to be true and to draw all reasonable inferences in plaintiff's favor." *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995).

Nonetheless, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question . . . . [the plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

### B. Pro Se Litigants.

The pleadings of a pro se Plaintiff are held to a less stringent standard than those of litigants represented by counsel. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (holding that pro se complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers" (citations omitted) (internal quotation marks omitted)). Indeed, it has been the tradition of this court to examine the record "to see if [a pro se] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 412 F.2d 1285, 1292 (Ct. Cl. 1969).

Nevertheless, while the court may excuse ambiguities in a pro se Plaintiff's complaint, the court "does not excuse [a complaint's] failures." *Henke*, 60 F.3d at 799.

## V. DISCUSSION.

### A. The Government's July 18, 2011 Motion To Dismiss The May 17, 2011 Complaint For Lack Of Subject-Matter Jurisdiction.

The Government argues that the court does not have jurisdiction to adjudicate claims alleged in the May 17, 2011 Complaint because they fail to cite a federal law or constitutional provision mandating money damages. Gov't Mot. at 7. Although the May 17, 2011 Complaint cites the Fourteenth Amendment and arguably alleges a claim under the Due Process Clause of the Fifth Amendment, neither of these constitutional provisions obligates the federal government to pay money damages. Gov't Mot. at 7-9.

Likewise, the May 17, 2011 Complaint's reference to the First Amendment does not provide a basis for the court to award money damages. *See United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) (holding that the First Amendment does not mandate money damages).

As for the May 17, 2011 Complaint's citation of 42 U.S.C. § 1985, only United States District Courts have original jurisdiction to hear violations thereof. *See* 28 U.S.C. § 1343(a) (2006) ("The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person [under section 42 U.S.C. § 1985.]"). Since the court is not a federal "district court," it does not have jurisdiction to adjudicate such claims. *See Marlin v. United States*, 63 Fed. Cl. 475, 476 (2005) ("[T]he Court does not have jurisdiction to consider civil rights claims brought pursuant to 42 U.S.C. §§ 1981, 1983, or 1985 because jurisdiction over claims arising under the Civil Rights Act resides exclusively in the district courts.").

To the extent that Plaintiff alleges claims related to or arising out of the actions of the United States District Courts of Louisiana, the court does not have such authority. *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). Moreover, the Plaintiff failed to appeal his cases to the appropriate court of appeals in a timely manner. Gov't Mot. at 9 (citing the United States Court of Appeals for the Fifth Circuit's dismissal of the Parkers' case in *Parker IV*, No. 09-30527, Doc. No. 51917261).

Accordingly, the Government moves that the May 17, 2011 Complaint be dismissed for lack of subject matter jurisdiction. Gov't Mot. at 9.

### B. The Plaintiff's August 15, 2011 Response.

Plaintiff responds that Rule 60(a) of the Federal Rules of Civil Procedure allows for "Corrections Based on Clerical Mistakes; Oversight and Omissions." Pl. Resp. (citing FED. R. CIV. P. 60(a)). Specifically, Plaintiff argues that "[i]t's not my fault that the [clerks] didn't

follow the Order from the Fifth Circuit . . . in claim 08-cv-184." Pl. Resp.[4] Plaintiff also cites *Conley v. Gibson*, 355 U.S. 41 (1957), for the proposition that a court should not dismiss a complaint for failure to state a claim, unless the plaintiff can prove no set of facts warranting relief. *Id.* at 45-46 ("In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.").[5]

### C. The Government's August 24, 2011 Reply.

The Government replies that Plaintiff's response fails to address the fact that the court lacks jurisdiction to adjudicate claims under the First Amendment, Fourteenth Amendment, Due Process Clause of the Fifth Amendment, or 42 U.S.C. § 1985. Gov't Rep. at 2.

As to Plaintiff's citation to Rule 60(a) of the Federal Rules of Civil Procedure, the motion thereunder, is based on a clerical error must be filed with the relevant federal District Court, *i.e.* the United States District Court for the Western District of Louisiana. Gov't Rep. at 2 (citing *Joshua*, 17 F.3d at 380 ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts.")).

The Government states that it does not know what Plaintiff argues when stating that "the Fifth Circuit settled the $78,000,000.00 asked in Claim 08-cv-184." Gov't Rep. at 3 (quoting Pl. Resp.). The record does not show that Plaintiff filed a notice of appeal in the District Court's Case No. 08-cv-184 (*Parker II*) to the United States Court of Appeals for the Fifth Circuit. Gov't Rep. at 3.

Finally, Plaintiff's reliance on *Conley* is misplaced because that case dealt with failure to state a claim, not the lack of subject-matter jurisdiction. Gov't Rep. at 3. When jurisdiction is challenged, a plaintiff must offer competent proof of jurisdiction and cannot simply rest on allegations in the complaint. *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) (explaining that, throughout litigation, the plaintiff maintains "the burden of showing that he is properly in court").

---

[4] Presumably, this statement refers to the alleged acts of negligence or conspiracy by the Clerk and Docket Clerk of the Western District Court in "not scanning the documents" to confirm Plaintiff's proof of service on defendants in *Parker II*. *See* Compl. at 5-6.

[5] This language in *Conley* has been abrogated by the United States Supreme Court. *See Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 562-63 (2007) ("*Conley's* 'no set of facts' language has been questioned, criticized, and explained away long enough. . . . [T]his famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.")

### D. The Court's Resolution.

In this case, the May 17, 2011 Complaint alleges violations of the Due Process clauses of the Fifteenth and Fourteenth Amendments to the United States Constitution, premised upon misconduct by a federal district court judge in dismissing his claim, and based on errors by the Clerk and Docket Clerk of the United States District Court for the Western District of Louisiana. *Parker II*, No. 08-cv-184 (W.D. La. Aug. 29, 2008). The United States Court of Federal Claims does not have subject-matter jurisdiction to adjudicate claims under the Fourteenth Amendment or the Due Process Clause of the Fifth Amendment because those provisions are not money-mandating. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that the Due Process Clauses of the Fifth and Fourteenth Amendments, and the Equal Protection Clause of the Fourteenth Amendment, do not provide "a sufficient basis for jurisdiction [under the Tucker Act,] because they do not mandate payment of money by the [G]overnment"). These failures foreclose a favorable judgment, and because such claims are outside the jurisdiction of this court, they must be dismissed under RCFC 12(b)(1).[6]

To the extent that the May 17, 2011 Complaint alleges a claim under the First Amendment, the court does not have jurisdiction. *See Connolly*, 716 F.2d at 887 ("[T]he first amendment, standing alone, cannot be so interpreted to command the payment of money."). Thus, even assuming the May 17, 2011 Complaint's reference to this constitutional provision is one basis for his claim, such a claim would not fall within this court's limited jurisdiction.

Regarding the May 17, 2011 Complaint's claim under 42 U.S.C. § 1985, the United States Court of Federal Claims does not have jurisdiction to adjudicate such actions, because this court is not a "district court" under 28 U.S.C. § 1343(a). *See Anderson v. United States*, 22 Cl. Ct. 178, 179 n.2 (Cl. Ct. 1990) ("[T]his court has . . . no jurisdiction over cases arising under the Civil Rights Act."), *aff'd*, 937 F.2d 623 (Fed. Cir. 1991) (table); *see also Willis v. United States*, 96 Fed. Cl. 467, 470 (Fed. Cl. 2011) ("It is well-settled that jurisdiction for civil rights claims, including section 1985 claims, lies exclusively in the district courts; not in the Court of Federal Claims.").

To the extent that the May 17, 2011 Complaint alleges a claim of judicial misconduct against Judge Trimble, such a claim must be brought in the circuit in which the subject judge sits. *See* 28 U.S.C. § 351(a) (2006) ("Any person alleging that a judge has engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts . . . may file with the clerk of the court of appeals for the circuit a written complaint[.]"); *see also* R. FOR JUDICIAL CONDUCT & JUDICIAL DISABILITY PROCEEDINGS 7(a)(1) (2008) (similar).

As to the claims alleged regarding Mr. Shemwell and Ms. Kiefer for mishandling Plaintiff's service, they are claims of negligence. Under the Tucker Act, this court does not have jurisdiction to hear cases "sounding in tort." *See* 28 U.S.C. § 1491(a)(1). Furthermore, the Court

---

[6] In addition, the court cannot reasonably construe the Plaintiff's reference to the Fifth Amendment as asserting a Takings Clause claim against the Government – which would be within the jurisdiction of this court. Plaintiff has not alleged that the Government deprived him of any private property for public use.

7

of Appeals for the Federal Circuit has explained that "[t]he Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials." *Brown* v. *United States*, 105 F.3d 621, 624 (Fed. Cir. 1997).

For these reasons, the court, having construed Plaintiff's allegations as generously as possible, has determined that it lacks jurisdiction to adjudicate the claims alleged in the May 17, 2011 Complaint.[7]

## VI. CONCLUSION.

For the reasons stated above, the Government's July 18, 2011 Motion To Dismiss, pursuant to RCFC 12(b)(1), is granted. Accordingly, the Government's Motion To Dismiss, pursuant to RCFC 12(b)(6) is not required.

The Clerk of the United States Court of Federal Claims is directed to dismiss the May 17, 2011 Complaint.

**IT IS SO ORDERED.**

SUSAN G. BRADEN
**Judge**

---

[7] Finally, with respect to the allegations arising under *Parker I* and *Parker II*, Plaintiff is advised to consider Judge Trimble's admonition:

> Plaintiffs may, and perhaps should, file suit against these defendants in a Louisiana state court, as their allegations tend to demonstrate a state law cause of action, rather than a federal law cause of action. Plaintiffs are cautioned that refiling this lawsuit in federal court will likely result in future dismissals for the reasons we have outlined in this ruling and, therefore, are not an efficient use of plaintiffs' limited resources or those of this court.

*Parker II*, No. 08-cv-1622, Doc. No. 52 at 10.